# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JENNIFER CUMMING, | ) |
| | ) |
| CHAD and RACHEL E. CHRISTENSEN, on BEHALF of THEIR INTEREST in the CAMPBELL'S GLEN HOMEOWNERS ASSOCIATION, | ) ) ) ) ) |
| | ) |
| AUDREY HIGHBERGER, | ) |
| | ) |
| KENNETH G. AND EVELINA A. HUCK, on BEHALF of THEIR INTEREST in the CHANNEL CREST CONDOMINIUM OWNERS' ASSOCIATION, | ) ) ) ) |
| | ) |
| RAYMOND and BIRGIT KALER, | ) |
| | ) |
| DANIEL LYTTON, | ) |
| | ) |
| SHEILA A. MCEVOY, | ) |
| | ) |
| JEFFERY PETERMEYER, | ) |
| | ) |
| SCHWAGER LIVING TRUST, | ) |
| | ) |
| DEBORAH S. VOGEL, | ) |
| | ) |
| JEANETTE and ROSS L. WIDENER, | ) |
| Plaintiffs, | ) Case No. 24-1550 L |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Pursuant to RCFC 3, Plaintiffs state the following in support of their Complaint:

**JURISDICTION**

1. This court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) ("Tucker Act"), in that this action presents a claim against the United States which is founded upon the Constitution and statutes of the United States.

**STATUTES AND CONSTITUTIONAL PROVISIONS**

2. Plaintiffs' claims are governed by the following statutes and constitutional provision:

(a) The Fifth Amendment to the United States Constitution, which provides, "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

(b) National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d).

(c) The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act") which provides in relevant part, "The United States Court of Federal Claims shall have jurisdiction to render judgment on any claim against the United States founded upon the Constitution."

(d) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000), provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

**STATEMENT OF FACTS APPLICABLE TO ALL COUNTS**

3. GNP RLY, Inc. formerly owned a freight rail easement located between milepost 26.38 to milepost 38.25 (the "right-of-way"), a distance of approximately 11.9 miles in Snohomish County, Washington. The predecessor railroad, BNSF Railway, acquired its interest in the right-of-way by way of condemnation, deeds from individual landowners and Acts of Congress.

4. On October 17, 2023, Snohomish County filed an Adverse Abandonment Application with regard to this right-of-way. *See Snohomish County – Adverse Abandonment – GNP RLY, Inc., in Snohomish County, Washington*, STB Docket No. AB 1331 (filed October 17, 2023), attached as **Exhibit 1**.

5. On December 18, 2023, Snohomish County requested the STB issue a Certificate of Interim Trail Use or Abandonment ("CITU"). *See Snohomish County – Adverse Abandonment – GNP RLY, Inc., in Snohomish County, Washington,* Reply Comments, STB Docket No. AB 1331 (filed December 18, 2023), attached as **Exhibit 2**.

6. On July 11, 2024, the STB issued a CITU for the right-of-way. *See Snohomish County – Adverse Abandonment – GNP RLY, Inc., in Snohomish County, Washington,* Certificate of Trail Use or Abandonment, STB Docket No. AB 1331 (decided July 10, 2024), attached as **Exhibit 3**.

7. The National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"), provides, "in the case of interim use of any established railroad rights-of-way pursuant to donation, transfer, lease, sale, or otherwise in a manner consistent with this chapter, if such interim use is subject to restoration or reconstruction for railroad purposes, *such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes.*"

8. The United States Supreme Court in *Preseault v. United States*, 494 U.S. 1 (1990) (*Preseault I*), held that Congress possessed the constitutional authority to enact the Trails Act and to take Plaintiffs' property for conversion to a public-access recreational trail and preservation of a railroad easement for a possible future railroad corridor.

9. However, the Supreme Court in *Preseault I*, and the Federal Circuit sitting *en banc* in *Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) (*Preseault II*), held that the Fifth Amendment to the United States Constitution requires the United States to pay the property owners for the value of that property taken by operation of Section 8(d) of the Trails Act.

10. The Federal Circuit in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), and *Barclay v. United States*, 443 F.3d 1368 (2006), held that claims for compensation arise upon the date that the Surface Transportation Board issued the NITU.

11. Under Washington law, the state of Washington possessed only an easement for railroad purposes over Plaintiffs' land; and that easement has been long-abandoned for such purposes under Washington state law.

12. But for the CITU, Plaintiffs would have had the exclusive right to physical ownership, possession, and use of their property free of the railroad easement upon abandonment of the use of that easement for railroad purposes.

13. Creating a public-access recreational trail across Plaintiffs' property and appropriating a new easement for possible future railroad use has taken from Plaintiffs the value of the land physically appropriated for this trail corridor and greatly diminished the value of the Plaintiffs' property adjoining this trail corridor.

14. Compensation for this taking is due from the federal government, not the State of Washington, the County of Snohomish, nor the GNP Railway. *See Preseault, II*, 100 F.3d at 1531("Finally, we conclude that the taking that resulted from the establishment of the recreational trail is properly laid at the doorstep of the Federal Government").

## THE PARTIES

A. **Plaintiffs**

*Jennifer Cumming*

15. Jennifer Cumming owned land adjacent to the former railroad right-of-way on July 11, 2024. The Cumming property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Chad and Rachel E. Christensen, on behalf of their interest in the Campbell's Glen Homeowners Association*

16. Chad and Rachel E. Christensen owned an equal and an undivided 1/28th interest in the Campbell's Glen Homeowners Association property adjacent to the former railroad right-of-way on July 11, 2024. The property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Audrey Highberger*

17. Audrey Highberger owned land adjacent to the former railroad right-of-way on July 11, 2024. The Highberger property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Kenneth G. and Evelina A. Huck, on behalf of their interest in the Channel Crest Condominium Owners' Association*

18. Kenneth G. and Evelina A. Huck owned an equal and an undivided 6.14% interest in the Channel Crest Condominium Owners' Association property adjacent to the former railroad right-of-way on July 11, 2024. The property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Raymond and Birgit Kaler*

19. Raymond and Birgit Kaler owned land adjacent to the former railroad right-of-way on July 11, 2024. The Kaler property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Daniel Lytton*

20. Daniel Lytton owned land adjacent to the former railroad right-of-way on July 11, 2024. The Lytton property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Sheila A. McEvoy*

21. Sheila A. McEvoy owned land adjacent to the former railroad right-of-way on July 11, 2024. The McEvoy property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Jeffery Petermeyer*

22. Jeffery Petermeyer owned land adjacent to the former railroad right-of-way on July 11, 2024. The Petermeyer property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Schwager Living Trust*

23. The Schwager Living Trust owned land adjacent to the former railroad right-of-way on July 11, 2024. The Schwager property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Deborah S. Vogel*

24. Deborah S. Vogel owned land adjacent to the former railroad right-of-way on July 11, 2024. The Vogel property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

*Jeanette and Ross L. Widener*

25. Jeanette and Ross L. Widener owned land adjacent to the former railroad right-of-way on July 11, 2024. The Widener property includes but is not limited to the land under the former railroad right-of-way that is now subject to an easement for public recreation and railbanking.

**B.    Defendant**

26. The United States of America is the defendant. The federal government took these Washington owners' land for a public recreational trail and railbanking by an order of the federal Surface Transportation Board invoking section 8(d) of the federal Trails Act.

### SPECIFIC CLAIM FOR RELIEF

### COUNT ONE

**A Claim For "Just Compensation" For
The Physical Taking of Plaintiffs' Property Subject to the CITU**

27. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 26 of their Complaint.

28. The actions of the United States have resulted in a permanent physical taking of Plaintiffs' property without just compensation in violation of the Fifth Amendment to the United States Constitution.

## COUNT II

### A Claim for Reimbursement of Attorneys' Fees and Litigation Expenses Pursuant to the Uniform Relocation Act

29. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 - 28 of their Complaint.

30. The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. 4654(c) (URA) (Pub. L. 91-646; 84 Stat. 1894), requires the federal government to reimburse these owners the "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

31. Plaintiffs have incurred, or will incur, those costs and expenses which the URA requires the federal government to reimburse.

## SPECIFIC RELIEF REQUESTED

Plaintiffs respectfully request a judgment in their favor as follows:

32. Awarding Plaintiffs the full fair-market value of the property taken by the government on the date it was taken (including any "severance damages" suffered by Plaintiffs in loss of value to Plaintiffs' remaining property not actually physically taken but affected by the taking);

33. Compensation for the delay between the date of the government's taking of Plaintiffs' property (which is the date of the original NITU according to the Federal Circuit's opinion in *Caldwell v. United States*, 319 F.3d 1226 (Fed. Cir. 2004)) and the actual date when the government finally pays "just compensation" to Plaintiffs;

34. Paying Plaintiffs' costs and attorneys' fees incurred pursuant to The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §4654(c)

8

(2000) which provides that just compensation includes, "reasonable costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of [the] proceeding."

35. Such further relief as this Court may deem just and proper.

Date:  October 1, 2024

Respectfully submitted,

/s/ *Lindsay S.C. Brinton*
Lindsay S.C. Brinton
Meghan S. Largent
LEWIS RICE LLC
600 Washington Avenue
Suite 2500
St. Louis, Missouri  63101-1311
(314) 444-7723
(314) 612-7723(fax)
lbrinton@lewisrice.com
mlargent@lewisrice.com

***Attorneys for Plaintiffs***